In re Richard REED, Debtor.

Linda NUTTER, fka Linda Reed, Plaintiff,

v.

Richard REED, Defendant.

Bankruptcy No. 86–02286.
Adv. No. 93–3178.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 19, 1993.

Walter Kosydar, Toledo, OH, for debtor.

Bradford Bailey, Kenton, OH, for plaintiff.

## OPINION AND ORDER DISMISSING COMPLAINT TO DETERMINE DISCHARGEABILITY

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Linda Nutter's ("Nutter") complaint to except the debt of Richard Reed ("Reed") from discharge under 11 U.S.C. § 523(a)(5). Upon consideration thereof, the Court finds that Nutter's complaint to except Reed's debt from discharge under 11 U.S.C. § 523(a)(5) should be dismissed as moot because res judicata bars this Court from considering the dischargeability of the debt owed to Nutter.

## FACTS

Reed is indebted to Nutter for certain marital obligations arising from a Decree of Dissolution of Marriage and Separation Agreement dated December 23, 1985 (the "Marital Debt"). *See* Complaint to Determine Dischargeability, Exhibit A.

On October 20, 1986, Reed filed a petition in bankruptcy under chapter 7 of title 11. Reed did not schedule Nutter as a creditor. Reed was granted a discharge in this case on February 10, 1987. The case was closed on March 31, 1987.

Subsequently, on September 6, 1991, the Court of Common Pleas of Wyandot County, Ohio ("State Court") granted judgment in favor of Nutter on the Marital Debt. *See* Plaintiff's Exhibit B, Judgment Entry, Case No. 85–DR–145, Court of Common Pleas of Wyandot County, Ohio. Ohio's Court of Appeals of the Third Appellate Judicial District affirmed the judgment of the Court of Common Pleas. *See* Plaintiff's Exhibit D, Judgment Entry, Case No. 85–DR–145, Court of Common Pleas of Wyandot County, Ohio.

On May 6, 1993, this Court ordered Reed's bankruptcy case reopened in order to include Nutter, who was "inadvertently" omitted from Reed's petition, as a creditor.

Nutter filed the instant complaint to determine the dischargeability of the Marital Debt.

## DISCUSSION

"[B]ankruptcy courts and state courts have concurrent jurisdiction to determine whether a debt is excepted from discharge under § 523(a)(5)". *Rosenbaum v. Cummings (In re Rosenbaum)*, 150 B.R. 994, 996 (E.D.Tenn. 1993) (citing *Aurre v. Kalaigan (In re Aurre)*, 60 B.R. 621, 624 (Bankr.S.D.N.Y. 1986)) (footnote omitted). The issue of whether debts owed to a former spouse are dischargeable is one of federal law. *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983). However, " '[s]tate courts of general jurisdiction have the power to decide cases involving federal ... rights where ... neither the Constitution nor statute withdraws such jurisdiction.' " *Aurre*, 60 B.R. at 624 (quoting *Boston Stock Exchange v. State Tax Comm'n*, 429 U.S. 318, 319, n. 3, 97 S.Ct. 599, 602, 50 L.Ed.2d 514 (1977)).

The Court agrees with the *Rosenbaum* court that:

> a debtor is precluded from asserting that obligations owed to an ex-spouse are dischargeable where the obligations are incurred pre-petition, the ex-spouse later brings [post-petition] proceedings in the state courts seeking to enforce the pre-petition debt, and the debtor subsequently seeks to litigate the issue of dischargeability in bankruptcy court.

*Rosenbaum*, 150 B.R. at 996.

Here, as in *Richards v. Richards (In re Richards)*,

> The issue of dischargeability could and should have been raised in the state court, and that court had jurisdiction to consider it. The Ohio Rules of Civil Procedure require that a party shall affirmatively raise the defense of discharge in bankruptcy. Ohio R.C.P. § 8(C). The present defendant failed to do so in the state court. In a later action involving the same parties and issues as in an earlier suit, res judicata bars consideration by the later court of a defense that could have been raised in the first suit. 63 O.Jur.3d, Judgments § 422 (1985).

*Richards v. Richards (In re Richards)*, 131 B.R. 76, 78 (Bankr.S.D.Ohio 1991) (citations omitted); *see In re Crowder*, 37 B.R. 53, 56 (Bankr.S.D.Fla.1984) ("[u]ntil and unless [the

bankruptcy] court is vested with exclusive jurisdiction to determine the dischargeability of a debt owed by one spouse to another under § 523(a)(5), such a determination made by a State court constitutes res judicata under the present Code"); *e.g. In re Benham,* 157 B.R. 655 (Bankr.E.D.Ark.1993) (denying motion to reopen case as futile because post-petition state court judgment precluded debtor from relitigating dischargeability of debt under 11 U.S.C. § 523(a)(3)(A)).

The Court is mindful that "[t]he lower federal courts do not sit as courts of appeal even with respect to federal claims over state courts that have concurrent jurisdiction." *Aurre,* 60 B.R. at 627 (citation omitted). Further,

> [i]t is appropriate for bankruptcy courts to avoid invasions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'

*White v. White (In re White),* 851 F.2d 170, 173 (6th Cir.1988) (quoting *In re MacDonald,* 755 F.2d 715, 717 (9th Cir.1985)). Moreover, the Court is "concerned that the Bankruptcy Code could otherwise be abused as a weapon in a marital dispute". *White,* 851 F.2d at 174.

Thus, Reed's failure to raise the issue of the nondischargeability of the Marital Debt under 11 U.S.C. § 523(a)(5) in his prior bankruptcy case or in the State Court proceeding precludes him from raising this issue in the instant proceeding. Accordingly, the Court will not consider the merits of Nutter's complaint.

In light of the foregoing, it is therefore

ORDERED that Linda Nutter's complaint to determine dischargeability of debt be, and hereby is, dismissed as moot, and this case is hereby closed.