In re Werner V. HERZIG, Debtor.

Werner V. Herzig, Plaintiff/Appellant,

v.

Park Avenue Leasing Corp.,
Defendant/Appellee.

No. CV 96–5622(DRH).

United States District Court,
E.D. New York.

Dec. 14, 1998.

Law Office of Craig D. Robins, by John
Nelson, Westbury, New York, for plain-
tiff/appellant.

Law Office of Marc N. Isenberg, by
Venus Trifari, Maywood, New Jersey, for
defendant/appellee.

### MEMORANDUM AND ORDER

HURLEY, District Judge.

Pending before the Court is the appeal
of Plaintiff/Appellant Werner V. Herzig
("Herzig") from an October 10, 1996 Order
of the United States Bankruptcy Court for
the Eastern District of New York (Conrad,
*B.J.*) in the above-referenced adversary
proceeding, which granted the cross-mo-
tion of Defendant/Appellee Park Avenue
Leasing Corp. ("Park Avenue") for sum-
mary judgment and dismissed Herzig's
Complaint, which had sought a declaration
pursuant to Bankruptcy Rules 7001(6) and
(9) that a debt due and owing Park Avenue

by Herzig was dischargeable. For the reasons discussed below, the Bankruptcy Court's October 10, 1996 Order is reversed.

## BACKGROUND

The facts in this case are largely undisputed. On July 26, 1994, Herzig filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code"). Park Avenue was not scheduled as a creditor in Herzig's petition. On August 3, 1994, the Bankruptcy Court Clerk issued a "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates (Individual or Joint Debtor No Asset Case)" (the "Notice of Commencement of Case Under Chapter 7"). The Notice of Commencement of Case Under Chapter 7 stated in pertinent part as follows:

AT THIS TIME THERE APPEAR TO BE NO ASSETS AVAILABLE FROM WHICH PAYMENT MAY BE MADE TO UNSECURED CREDITORS. DO NOT FILE A PROOF OF CLAIM UNTIL YOU RECEIVE NOTICE TO DO SO.

The following language also appeared at the bottom of the Notice of Commencement of Case Under Chapter 7:

DO NOT FILE A PROOF OF CLAIM UNLESS YOU RECEIVE A COURT NOTICE TO DO SO.

On December 6, 1994, the Bankruptcy Court issued a Notice of Discharge. On July 21, 1995, Herzig's bankruptcy case was closed; no Notice of Discovery of Assets was ever issued by the Bankruptcy Court.

In the meantime, on February 17, 1995, Park Avenue filed a Complaint against Herzig in the Superior Court of New Jersey, Law Division, Bergen County. In the Complaint, Park Avenue claimed that Herzig had breached a lease agreement with Park Avenue in connection with the leasing of a 1993 automobile. On April 13, 1995, Park Avenue filed an Amended Complaint against Herzig. Herzig was served with the Summons and Amended Complaint on November 22, 1995. On or about December 13, 1995, Park Avenue's attorney had a conversation with Herzig concerning the New Jersey lawsuit. According to Park Avenue's attorney, Herzig at no time during the conversation advised him that he had filed a Chapter 7 bankruptcy petition. After Herzig failed to appear in the New Jersey action, the Superior Court Clerk entered a default against Herzig on January 26, 1996. On April 15, 1996, Superior Court Judge Peter E. Doyne entered a default judgment against Herzig in favor of Park Avenue in the amount of $11,851.00.

In March 1996, Herzig filed a motion to reopen his bankruptcy case, pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, for the purpose of amending Schedule F of his petition, pursuant to Bankruptcy Rule 1009, to include Park Avenue as a creditor and to obtain a discharge of the debt owed to Park Avenue.[1] In his Affidavit in support of the motion, Herzig stated that the automobile lease with Park Avenue that he co-signed "was subsequently assigned, informally, to Josephine Sullivan," his girlfriend at the time. According to Herzig, with the consent of Park Avenue, Sullivan transferred the registration of the vehicle to her name, caused insurance to be issued in her name and assumed the monthly lease payment. In light of these circumstances, it was Herzig's "understanding" that Sullivan became solely responsible for the lease payments. Sullivan subsequently defaulted on the lease obligations in early 1994, and the

---

1. Although Herzig's Affidavit of Service reflects that his motion to reopen was served upon both Park Avenue and Park Avenue's attorney on March 28, 1996, Park Avenue claims that it did not receive notice of the fact that Herzig had even filed for bankruptcy until April 29, 1996, when it received a copy of a letter sent by Herzig's attorney to Superior Court Judge Doyne, advising the latter that Herzig's bankruptcy case had been reopened.

automobile was repossessed by Park Avenue.

By Order dated April 25, 1996, Bankruptcy Judge Robert John Hall granted Herzig's motion to reopen his bankruptcy case and to amend his petition to include Park Avenue as an additional creditor. In his April 25, 1996 Order, Judge Hall further stated that if Herzig was requesting a discharge of the added debt, he was required to "initiate an adversary proceeding against the added creditor[ ], for the purpose of obtaining a declaratory judgment determining that the added debt is not of a kind specified in Code section 523(a)(2), (4) or (6), and/or, if appropriate, that the creditor[ ] had notice or knowledge of [Herzig's] bankruptcy case."

In accordance with Judge Hall's April 25, 1996 Order, Herzig filed an Adversary Proceeding Complaint on June 25, 1996, seeking a judicial declaration that Herzig's debt to Park Avenue was not of a kind specified under 11 U.S.C. § 523(a)(2), (4) or (6), and, therefore, was dischargeable. On June 28, 1996, the adversary proceeding was reassigned to Bankruptcy Judge Francis G. Conrad. Park Avenue served an Answer on August 12, 1996, asserting as defenses that the debt was not dischargeable under 11 U.S.C. § 523(a)(3)(A) because Park Avenue had no notice or knowledge of Herzig's bankruptcy petition and discharge, and, correspondingly, that Herzig failed to allege that Park Avenue had "timely, actual knowledge" of the same.

On September 13, 1996, Herzig moved for summary judgment on his claims, while Park Avenue cross-moved for summary judgment. On October 2, 1996, after hearing oral argument from the attorneys for the respective parties, Judge Conrad denied Herzig's motion for summary judgment, and granted Park Avenue's cross-motion for summary judgment, stating in relevant part as follows:

I think the Bankruptcy Code is very clear, and that is under a 523(a)(3) action, if you didn't list it, the sole test is if you weren't listed, the creditor had notice in time, [then it's] okay; it has to be listed. And if you make a determination that the debtor [sic] had notice, then you basically make a determination whether it's dischargeable or not, and you may or may not give them the opportunity.

Here it is clear that there was a violation of 523(a)(3). It was not listed on the petition. There was no notice and even when there was an opportunity to provide notice, which I think is even more egregious here, that opportunity was not presented. And so, accordingly, I find that [the Park Avenue] debt was not subject to the discharge that was granted to Mr. Herzig on December 6, 1994 . . . .

Judge Conrad's decision was memorialized in a written Order issued on October 10, 1996. This appeal followed.

### DISCUSSION

The Court reviews a bankruptcy court's conclusions of law *de novo*, and its findings of fact for clear error. *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d Cir.1996). The sole issue before the Court on this appeal is as follows: In a Chapter 7 no-asset, no-bar date bankruptcy proceeding, does a debtor's failure to schedule a pre-petition debt prior to the close of the bankruptcy case affect the dischargeability of that debt, where the debt is not otherwise excepted from discharge under 11 U.S.C. § 523(a)(2), (4) or (6)? The Court holds that it does not.

The Court begins its analysis with a recitation of the applicable provisions of the Code. 11 U.S.C. § 727(b) provides in pertinent part that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts that arose before the date of the order for relief under this chapter*." (emphasis added). Therefore, as it is not disputed that the debt Herzig owes Park Avenue arose before the filing of his voluntary petition, the debt was

discharged by the Bankruptcy Court's December 6, 1994 discharge Order, unless the debt falls within the purview of Section 523. That section provides in relevant part as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(A), (B). As Park Avenue concedes that the debt owed by Herzig is not "of a kind specified in paragraph (2), (4), or (6)" of Section 523(a), (*see* Park Avenue's Br. at 8), the only basis for finding the debt excepted from discharge would be Section 523(a)(3)(A).

■ Here, the Bankruptcy Court held that because the Park Avenue debt was not scheduled in Herzig's petition, Herzig was required to show that Park Avenue had notice of the bankruptcy proceeding. As Herzig was unable to do so, the Bankruptcy Court went on, the Park Avenue debt was excepted from discharge under Section 523(a)(3)(A). The Bankruptcy Court, however, failed to recognize that "the question of dischargeability of an unlisted debt is tied to the fact of a claims deadline." *In re Walker,* 195 B.R. 187, 196 (Bkrtcy.D.N.H.1996). That is, unless an unlisted creditor was precluded from filing a timely proof of claim, it is irrelevant whether the creditor had notice or knowledge of the bankruptcy proceeding.

■ Proofs of claim must generally be filed "not later than 90 days after the first date set for the meeting of creditors," Bankruptcy Rule 3002(c), which in this case was September 26, 1994. Here, however, the Bankruptcy Court Clerk, by way of the Notice of Commencement of Case Under Chapter 7, and in accordance with Bankruptcy Rule 2002(e), advised Herzig's unsecured creditors that, because Herzig's estate appeared to have no assets from which payment could be made, they should not file a proof of claim until instructed to do so by further court notice. When creditors are sent a Rule 2002(e) notice from the bankruptcy court, they must be given further notice of the discovery of any assets from which a dividend may be paid. Creditors may then file proofs of claim within 90 days of the mailing thereof. Bankruptcy Rule 3002(c)(5). Where, as here, no further notice of the discovery of assets was ever sent to Herzig's creditors, the time for filing proofs of claim never expired because it never began.

The import of the foregoing is that "[i]n a Chapter 7 no-asset case, Section 523(a)(3)(A) does not apply because no bar date is set for filing claims." *McMahon v. Harmon (In re Harmon),* 213 B.R. 805, 808 (Bankr.D.Md.1997); *accord Judd v. Wolfe,* 78 F.3d 110, 114 (3d Cir.1996) ("Because this is a 'no-asset' Chapter 7 case, the time for filing a claim has not, and never will, expire unless some exempt assets are discovered; thus, section 523(a)(3)(A) cannot be applied...."); *Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433, 1434 (9th Cir. 1993) (per curiam) ("After ... a [no asset, no bar date Chapter 7] case has been closed, dischargeability is unaffected by scheduling...."); *In re McDaniel,* 217 B.R. 348, 356 (Bankr.N.D.Ga.1998) ("[T]o the extent that an assetless liquidation is

involved, the lack of any claims bar date in these proceedings makes Code section 523(a)(3)(A) ... inapplicable."); *In re Walker*, 195 B.R. at 200 ("[L]isting an omitted creditor on the schedules in a no-asset case has no legal significance per se with regard to the dischargeability of a creditor's claim...."); *Costa v. Welch (In re Costa)*, 172 B.R. 954, 959 (Bankr. E.D.Cal.1994) ("[W]here there are no assets for the trustee to liquidate and where no deadline for filing proofs of claim is fixed, it is never untimely to file a proof of claim, with the result that all unscheduled debts (except section 523(a)(2), (4), and (6) debts) are discharged."); *Karras v. Hansen (In re Karras)*, 165 B.R. 636, 639 (N.D.Ill.1994) ("In a no asset case, the failure to list a debt does not transform a dischargeable liability into a nondischargeable one."); *In re Thompson*, 152 B.R. 24, 27 (E.D.N.Y.1993) ("Because no assets have been discovered in the estate of the debtor in this case, section 523(a)(3)(A) does not preclude the discharge of the debt...."); *In re Thibodeau*, 136 B.R. 7, 9 (Bankr.D.Mass.1992) (holding Section 523(a)(3)(A) "does not come into play in a no-asset Chapter 7 case ... that was closed without a bar date for filing of claims ever having been set").[2]

Because Section 523(a)(3)(A) was inapplicable to the Park Avenue debt, and because Park Avenue concedes that the debt is not of a kind specified under Section 523(a)(2), (4) or (6), the Park Avenue debt was discharged under the Bankruptcy Court's December 6, 1994 general discharge Order.

## CONCLUSION

For the reasons articulated above, the Court hereby enters the following Orders:

(1) The Bankruptcy Court's October 10, 1996 Order granting Park Avenue summary judgment on Herzig's claim for declaratory relief is **REVERSED.**

(2) Herzig's debt to Park Avenue is discharged pursuant to the Bankruptcy Court's December 6, 1994 discharge Order.

**IT IS SO ORDERED.**

---

**2.** As stated earlier, Park Avenue notes that Herzig failed to advise its attorney of his bankruptcy matter during a telephone conversation in December 1995. Assuming, *arguendo,* that Herzig intentionally failed to mention his closed bankruptcy proceeding to Park Avenue's attorney during this conversation, that fact is inapposite for two reasons. First, "[n]othing in section 523(a)(3) refers to the debtor's state of mind. Rather, the question is whether there are assets from which a dividend can be paid on timely filed proofs of claim." *In re Karras,* 165 B.R. at 639. More important, there is no evidence in the record that Herzig intentionally failed *prior to the close of his bankruptcy case* to schedule Park Avenue as a creditor.