**In re Judith A. McGREGOR, Debtor.**

**Bankruptcy No. 98–33779.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

March 30, 1999.

Kenneth O. Huntington, Fairborn, Ohio, for debtor.

Kurt S. Hasselbach, Springfield, Ohio, for Jack E. Sodders.

Honorable James N. Griffin, Magistrate, Common Pleas Court of Clark County, Domestic Relations Division, Springfield, Ohio, U.S. Trustee.

## DECISION AND ORDER DENYING APPLICATION

### WILLIAM A. CLARK, Chief Judge.

This matter came before the court, after the debtor reopened her bankruptcy case, upon the Application of debtor (Doc. # 17–

1). Branch 1 of the application asks to add Jack E. Sodders, as a creditor, and Branch 2 asks to enjoin the Court of Common Pleas of Clark County, Ohio, from prosecuting Case No. 95 DS 306 until dischargeability of the debt due to Jack E. Sodders, the former spouse, is determined.

This decision constitutes the Court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

The court held prehearing conferences with counsel by telephone and in person to discuss the interplay of the legal issues involved pursuant to Bankruptcy Code Sections 523(a)(3)(B), 523(a)(15), and 523(c).

The facts are not in dispute. In a 1995 dissolution of marriage, the debtor and Jack E. Sodders agreed in a property settlement to divide certain debts of their marriage and to hold the other harmless from the payment of those debts. In the separation agreement the wife agreed, in part:

6. Debts

That the wife shall pay and save the husband absolutely harmless from the financial obligations of the parties running (sic) favor of Huntington National Bank (1994 Ford Escort), Sears, Huntington National Bank (Visa) (sic), Chemical Mortgage Co., Roberd's, Everdry, Fingerhut, Value City and Lazarus.

The debtor filed for bankruptcy June 23, 1998 without listing Jack E. Sodders as a creditor in her schedules. The debtor was discharged on October 14, 1998. Later Mr. Sodders was forced to pay on the Huntington Bank Visa debt and possibly on another debt which debtor had agreed to pay in the dissolution action. Jack E. Sodders filed an action against debtor in the state court for contempt for her failure to comply with the separation agreement incorporated into the Decree of Dissolution of Marriage of May 11, 1995.

In his Recommended Order, adopted by Judge Thomas J. Cappers, Magistrate

James N. Griffin of the state court found the following:

"3. Jack E. Sodders was not listed as a creditor in the bankruptcy proceeding.

\*\*\*

5. Jack E. Sodders did have personal knowledge of the bankruptcy of Judith A. Sodders.

\*\*\*

7. This court has the authority to determine if this debt is dischargeable or not. The debt in question is the debt due from Judith A. Sodders to Jack E. Sodders. She agreed to hold him harmless on this debt."

The first issue to be resolved is whether this court has jurisdiction to entertain debtor's application.

### 1. The state court's jurisdiction to determine whether a debt is dischargeable under 11 U.S.C. § 523(a)(3).

■ Bankruptcy courts and state courts share concurrent jurisdiction to determine the dischargeability of debts based on a debtor's failure to schedule a debt under 11 U.S.C. § 523(a)(3)(B). *In re Moon,* 116 B.R. 75, 75 (Bankr.E.D.Mich.1990); *In re Walker,* 195 B.R. 187, 205 (Bankr.N.H. 1996); *In re Massa,* 217 B.R. 412, 419 (Bankr.W.D.N.Y.1998). In the *Massa* case it was noted that even if the bankruptcy court had exclusive jurisdiction to determine that a debt was nondischargeable under 523(a)(2), (4), (6) or (15), this jurisdiction essentially becomes concurrent with state courts when a debtor omits the creditor from its bankruptcy schedules.

Thus, a state court has jurisdiction to decide that a debt is nondischargeable for the debtor's failure to list the creditor in its schedules. The next issue is to decide what effect this court should give the state court's decision.

### 2. The effect this court should give the state court decision.

■ Under the Full Faith and Credit Statute, a federal bankruptcy court must give preclusive effect to a state court judgment if the state would accord that judgment preclusive effect. 28 U.S.C. § 1738; *Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315, 317 (6th Cir.1997).

■ In Ohio, a valid final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Township,* 73 Ohio St.3d 379, 653 N.E.2d 226 (Ohio 1995) (syllabus); *Corzin v. Fordu (In re Fordu),* 209 B.R. 854, 862 (6th Cir. BAP 1997).

■ Once a state court, with concurrent jurisdiction, makes a final determination on the merits that a debt is nondischargeable that determination must be given res judicata effect. *Nutter v. Reed (In re Reed),* 161 B.R. 943, 945 (Bankr.N.D.Ohio 1993) (giving res judicata effect to a state court determination that the debt was nondischargeable under 11 U.S.C. § 523(a)(5)). Federal bankruptcy courts do not sit as appellate courts over state courts that have concurrent jurisdiction. *Id.*

In this case, Magistrate Griffin made a recommended order that the debt due from Judith A. Sodders to Jack E. Sodders incurred in their dissolution was not discharged in the bankruptcy. The Magistrate's Recommended Order was adopted by Judge Thomas J. Capper of the Clark County Court of Common Pleas, Domestic Relations Division, as the order of the court. In addition, this order decided, on the merits, that the debt was non-dischargeable. Therefore, this court is precluded from allowing the same parties to relitigate the issue in the bankruptcy court. If the determination of the state court is in error, it could be corrected in the state court system through reconsideration or the appellate process.

The basic provision of the bankruptcy code applicable to this case is 11 U.S.C. § 523(a)(3)(B) which reads:

523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

\* \* \*

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;* (italics added)

11 U.S.C. § 523(a)(3)(B)

The issue of concurrent jurisdiction is intertwined with the mutual reciprocal respect that the federal courts and state courts share. The interplay between state domestic relation courts and bankruptcy courts is quite complicated. During the research for this case, this court found the opinion of Judge Christopher M. Klein, bankruptcy judge, in the case of *In re Franklin,* 179 B.R. 913 (Bankr.E.D.Cal. 1995) to be an excellent treatise on that jurisdictional interplay. The state court here, having concurrent jurisdiction, acquired jurisdiction over the issue of dischargeability when the debtor raised the bankruptcy discharge defense in the contempt proceeding. The state court made a final appealable order on the issue of dischargeability. Any further proceedings concerning that decision are within the proper jurisdiction of the state court system.

For the reasons stated above, this court denies the debtor's application to add the creditor, Jack E. Sodders, to the schedules, and **denies** the request to enjoin the action in the Court of Common Pleas, Clark County, Ohio. The case is closed.

It is so ordered.