**In re Ronald E. TOUSSAINT and Susan E. Toussaint, Debtors.**

**No. 95–01376–8–JRL.**

United States Bankruptcy Court, E.D. North Carolina, Wilmington Division.

Feb. 4, 2000.

Anthony L. Register, Wilmington, NC, for debtors.

Algernon L. Butler, Wilmington, NC, for Chapter 7 Trustee.

Robert D. Floyd, Shallotte, NC, for Thomas and Cynthia Southall.

### ORDER

J. RICH LEONARD, Bankruptcy Judge.

This matter comes before the court on the debtors' motion for sanctions and attorney fees. A hearing was held on December 15, 1999 in Wilmington, North Carolina. For the reasons that follow, the debtors' motion is denied. This court lacks subject matter jurisdiction to collaterally attack the state court's judgment that construed the claim to be nondischargeable as to Cynthia B. Southall.

### Facts

Debtors originally filed under chapter 13 on May 1, 1995. They listed Thomas Southall on schedule "F" of the original petition as holding a personal loan promissory note, executed by the debtors on March 3, 1994, in the amount of $10,000.00. Mr. Southall and Cynthia Boydston, now Cynthia B. Southall, each put up one half of the loan amount given to finance expansion of the debtors' now defunct restaurant. Prior to this bankruptcy case and the debtors' discharge, the Southalls had not been married but did have a close relationship.

On the debtors' statement of financial affairs, Mr. Southall was listed as having been paid $850.00 on April 1, 1995, within the ninety (90) day period immediately preceding the commencement of the debtors' case. He was also listed as creditor number twenty (20). The debtors' chapter 13 case was confirmed on July 10, 1995, and despite the notices that purportedly went to Mr. Southall's address he never filed a proof of claim.

The debtors converted their case and on September 27, 1995 notice of commencement of the chapter 7 case was filed. The attached mailing matrix listed Mr. Southall. This notice specifically identified the debtors' case as a no-asset chapter 7, indicating that no proofs of claim needed to be filed. Thereafter, on November 13, 1995, the chapter 7 trustee filed his report of no distribution and on January 18, 1996 the debtors received a discharge with notice thereof going to Mr. Southall.

Over two and one half years later, the Southalls filed a complaint against the debtors in the Brunswick County General Court of Justice, District Court Division, State of North Carolina on August 5, 1998. As unsecured creditors on the promissory note executed by the debtors pre-petition, the Southalls sought judgment on the unpaid balance. In response, the debtors chose to file a brief letter with the state court, serving as their answer, which included a copy of their discharge notice. The state court allowed Mr. Southall to voluntarily dismiss his claim because he was listed in the debtors' bankruptcy petition and therefore discharged. Further, the state court found that neither of the plaintiffs had any knowledge of this bankruptcy case, even though it is readily apparent that Mr. Southall's name and address appear on all of the mailing matrixes. Cognizant of the debtors' discharge, the state court found that "the debt of the [d]efendants owed to Cynthia Boydston, now Cynthia Boydston Southall, was not included or discharged in bankruptcy." (Judgment, 3/8/99.) On that basis, and apparently without knowledge that the debtors' case was a no-asset chapter 7, the state court entered judgment in favor of Ms. Southall on March 8, 1999.

The debtors moved for relief from judgment and for stay of proceedings to enforce judgment in the state court on October 15, 1999. That court subsequently entered an order staying any proceedings to enforce the judgment on October 20, 1999, in which it concluded, "[t]he enforceability of the judgment is dependent on the ruling of the District Court and the Bankruptcy Court on [d]efendants' motions."

(Order of Stay of Proceedings to Enforce a J., 9/20/99.) Debtors then filed a motion with this court to reopen their case, which was granted by Judge A. Thomas Small on November 17, 1999. In conjunction, the debtors filed the motion for sanctions and attorney fees presently before this court, alleging that the Southalls violated § 727 of the bankruptcy code by commencing suit and obtaining judgment in state court.[1] 11 U.S.C. § 727 (1999).

## Analysis

■■■ For a creditor to violate the discharge injunction of 11 U.S.C. § 524(a), the underlying debt in question must have been discharged.[2] Because the state court adjudged that Ms. Southall's portion of the claim was not discharged, hence nondischargeable, this motion involves the jurisdictional interplay between state courts and bankruptcy courts. Resolution is guided by the constitutional principle of federalism. A bankruptcy court's ability, or lack thereof, to review a state court

judgment that incorrectly interprets dischargeability under 11 U.S.C. § 523 is answered by the primary bankruptcy jurisdiction statute found at 28 U.S.C. § 1334[3] and the United States Supreme Court's *Rooker–Feldman* doctrine.[4] Collectively, this body of law instructs that bankruptcy courts and state courts generally have concurrent jurisdiction for deciding dischargeability issues arising from a debtor's failure to list a creditor.[5] In addition, the *Rooker–Feldman* doctrine, grounded in federalism, instructs that a bankruptcy court cannot sit in appellate review of a state court judgment determining dischargeability through concurrent jurisdiction.[6]

■■■ Jurisdictional analysis begins with 28 U.S.C. § 1334(b),[7] which "establishes the general proposition that state and federal courts have concurrent subject matter jurisdiction over civil proceedings that arise under, arise in, or are related to a bankruptcy case." *In re Franklin*, 179 B.R. at 919. This statute also gives bank-

1. To be accurate, based on the debtors' factual allegations, they should have pled that the Southalls violated the discharge injunction under § 524. 11 U.S.C. § 524(a)(2) (1999).

2. In *In re Martin*, this court stated, "[i]f the claims were not discharged, then there is no injunction to them, and there can be no violation of the post-discharge injunction." 1997 Bankr.LEXIS 1810 (E.D.N.C.1997), (*citing, In re Kean*, 207 B.R. 118 (Bankr.D.S.C.1996)).

3. The bankruptcy decision *In re Franklin* gives a good background on jurisdictional issues between state and bankruptcy courts, stating that "[t]wo federal statutes allocate jurisdiction over disputes in which determinations of nondischargeability in bankruptcy are sought regarding specific debts: Judicial Code § 1334 and Bankruptcy Code § 523(c)." *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 919 (Bankr.E.D.Cal. 1995).

4. As recognized in a recent bankruptcy court decision, the *"Rooker–Feldman* doctrine is derived from two Supreme Court cases decided nearly sixty years apart." *In re T. Brian Glass*, 240 B.R. 782 (Bkrtcy.M.D.Fla.1999). Those cases are *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362

(1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

5. Under 11 U.S.C. § 523(c), bankruptcy courts have exclusive jurisdiction to determine nondischargeability of debts listed in the bankruptcy case that fall under 11 U.S.C. § 523(a)(2), (4), (6) and (15). 11 U.S.C. § 523(c) (1999).

6. Moreover, the *Rooker–Feldman* doctrine "precludes a federal action if the relief requested would effectively reverse the state court decision or void its ruling." *In re T. Brian Glass*, 240 B.R. at 785. Federal courts, other than the United States Supreme Court, "cannot review state court judgments for errors in construing federal law." *Id.*

7. This jurisdictional provision, in full, instructs:

 (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
 28 U.S.C. § 1334 (1999).

ruptcy courts, through the districts courts, exclusive subject matter jurisdiction over "the bankruptcy case itself and over the property of the debtor and of the estate ..." under subsection (a) of § 1334. *Id.* The difference between subsections (a) and (b) is exclusive versus original jurisdiction. It is well established that "civil proceedings that 'arise under' the Bankruptcy Code within the meaning of 28 U.S.C. § 1334 include the causes of action for dischargeability that are created by Bankruptcy Code § 523." *Id.* at 919, 920. In this case, bankruptcy courts share concurrent jurisdiction with state courts.

 Faced with a creditor who files suit to collect a judgment on a pre-petition debt in state court, potentially violating the discharge injunction of § 524(a), discharged debtors have several remedial options by which to protect their "fresh start." As often stated in the pertinent case law, debtors can litigate dischargeability after a case is closed by doing one of the following: (1) assert the bankruptcy discharge as an affirmative defense, "and the court with jurisdiction over that lawsuit can determine the issue of dischargeability under § 523(a)(3)"; (2) move to reopen the bankruptcy case under Fed. R. Bankr.P. 4007(b) for the purpose of filing a complaint to determine dischargeability; or (3) remove the action from state court to bankruptcy court under Fed. R. Bankr.P. 9027 to enforce the discharge injunction of § 524(a) against the creditor.[8] *Stucker v. Cardinal Building Materials, Inc. (In re Stucker)*, 153 B.R. 219, 222 (Bankr.N.D.Ill.1993); *see also In re Gardner*, 194 B.R. 576 (Bankr.D.S.C.1996). The avenue of relief pursued determines whether the state or bankruptcy court has subject matter jurisdiction to hear the dischargeability suit.

 If the defendant chooses to plead the bankruptcy discharge as an affir-

mative defense, not removing the action to bankruptcy court, then "jurisdiction over the matter rests with the state court and does not attach to the federal court." *In re Jeffries*, 191 B.R. at 863 (*citing* 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 9027.07 (15th ed. rev.1999)). A state court, "acquire[s] jurisdiction over the issue of dischargeability when the debtor raise[s] the bankruptcy discharge defense ...." *In re McGregor*, 233 B.R. 406, 409 (Bankr.S.D.Ohio 1999). Following this analysis, bankruptcy courts lack subject matter jurisdiction to decide dischargeability when debtors have already chosen the state court forum by failing to file a notice of removal to the bankruptcy court and asserting affirmative defenses in the state court, relying on § 524. *See In re Jeffries*, 191 B.R. at 864.

Some bankruptcy courts, though, disagree with this proposition. For example, the United States Bankruptcy Court, Middle District of Georgia, dealing with a factually similar case, decided that a "bankruptcy court can void a judgment entered post-discharge in state court that determines the debtor is liable for a debt discharged in his bankruptcy case." *Keenom v. All America Marketing (In re Keenom)*, 231 B.R. 116, 128 (Bankr.M.D.Ga.1999), *citing*, 5 Lawrence P. King, *Collier on Bankruptcy* ¶ 524.02[1] (15th ed. rev.1999). The justification given for such power is stated as follows:

> [w]hile it is true that the state courts share concurrent jurisdiction to determine if a debt was excepted from discharge by section 523(a)(3), if the state court's determination that a debt was nondischargeable is clearly erroneous, the bankruptcy courts must have the power under section 524 to void that judgment.

---

**8.** A debtor could, alternatively, "file a notice of removal with the federal district court," pursuant to 28 U.S.C. § 1452, which is automatically referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). *Jeffries v. Bar J. Forest Products, Inc. (In re Jeffries)*, 191 B.R. 861, 863 (Bankr.D.Or.1995).

*In re Keenom*, 231 B.R. at 128, *citing*, *Thelma C. Raley, Inc. v. Kleppe*, 867 F.2d 1326, 1328 (11th Cir.1989).

The United States Bankruptcy Appellate Panel for the Ninth Circuit also did not heed the *Rooker–Feldman* doctrine in this context when it overturned a bankruptcy court's decision and held that:

> [i]f the state court construes the discharge correctly, its judgment will be enforced and not be vulnerable to being upset by means outside the normal appellate channels. If, however, the state court construes the discharge incorrectly, then its judgment may be void to the extent it offends the discharge and subject to collateral attack in federal court.

*Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 783 (9th Cir. BAP 1999). More directly addressing the jurisdictional issue than the *Keenom* decision, the Bankruptcy Appellate Panel for the Ninth Circuit reasons that discharge in bankruptcy, historically an affirmative defense in state court actions, "became an absolute defense that relieved a discharged debtor from the need to defend a subsequent action in state court," by virtue of the enactment of § 524(a). 231 B.R. 116; *In re Pavelich*, 229 B.R. at 781. Therefore, state courts lack subject matter jurisdiction to wrongly decide the issue of dischargeability, even though they have concurrent jurisdiction to rightly decide it under 28 U.S.C. § 1334(b). State court judgments incorrectly construing dischargeability are said to be "void ab initio as a matter of federal statute." *Id.* at 782.

This logic is flawed, and the Ninth Circuit Court of Appeals has recently voided a decision that did not apply the *Rooker–Feldman* doctrine in a bankruptcy jurisdiction context, setting the matter for rehearing. *Gruntz v. County of Los Angeles (In re Gruntz)*, 166 F.3d 1020 (9th Cir. 1999), *withdrawn and reh'g granted*, 177 F.3d 729 (9th Cir.1999).

Once the state court has subject matter jurisdiction to adjudicate dischargeability under § 523, it cannot retroactively be stripped of that jurisdiction based on an incorrect application of federal law.[9] If that were so, state courts would have a mythical type of "conditional" rather than concurrent jurisdiction to decide matters under § 523. As the Bankruptcy Appellate Panel for the Ninth Circuit acknowledged, "the power to decide an issue ordinarily connotes the power to decide it incorrectly, with any erroneous result being enforceable unless corrected on appeal ...." *In re Pavelich*, 229 B.R. at 783. This is the appropriate analysis. Once the debtors choose a forum and that court renders judgment, the debtors cannot then run to the other forum if the result is incorrect. They must pursue reconsideration or appellate review for that forum.[10]

A state court judgment might be void ab initio if it tried to assert jurisdiction over a case falling under the exclusive jurisdiction of the bankruptcy courts. However, once the state court exercises concurrent subject matter jurisdiction and renders judgment, the state court judgment is at worst erroneous, not void ab

---

9. State courts do not have concurrent jurisdiction to decide matters under § 523(a)(2), (4) or (6), due to the exclusive jurisdiction exception to 28 U.S.C. § 1334(b) found in § 523(c), which "reserves ... federal jurisdiction over four of the sixteen categories of nondischargeability action ...." *In re Franklin*, 179 B.R. at 920. Under the doctrine of collateral estoppel, though, a bankruptcy court may preclude relitigation of the merits of those nondischargeability actions if they were fully and fairly litigated. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Such use of collateral estoppel is contextually different than in this case, a nondischargeability issue under § 523(a)(3), where the state court has concurrent jurisdiction.

10. In a similar case where a state court judgment precluded federal jurisdiction the bankruptcy court concluded that, "[i]f the determination of the state court is in error, it could be corrected in the state court system through reconsideration or the appellate process." *In re McGregor*, 233 B.R. at 408.

initio, and the bankruptcy court lacks jurisdiction to collaterally attack the decision. The only way a bankruptcy court could procedurally review that judgment would be to, in effect, sit as an appellate court over the state trial court. This is exactly what the *Rooker–Feldman* doctrine prohibits.[11]

 Albeit incorrectly, the state court seemingly relied upon § 523 to conclude that because the debtors failed to list Ms. Southall in their petition she was not included in the bankruptcy discharge The underlying debt sued upon in this case is a personal loan evidenced by a promissory note, which the debtors have paid upon since the close of their bankruptcy case. Viewing § 523 by itself, without analyzing the important distinction between no-asset and asset chapter 7 cases, it is understandable that a court could construe an unlisted debt as nondischargeable. This is not the first time a court has incorrectly applied § 523, thereby finding a discharged debt to be nondischargeable.[12]

Section 523(a)(3) is clearly inapplicable to Ms. Southall's claim. To begin with, 11 U.S.C. § 727(b) states that:

> [e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter.

11 U.S.C. § 727(b) (1999). Thus, Ms. Southall's claim, arising from a pre-petition promissory note debt, was discharged by virtue of § 727 unless § 523 applies. That section, in the pertinent parts, states the following:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time *to permit*—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, *timely filing of a proof of claim,* unless such creditor had notice or actual knowledge of the case in time for such timely filing.

11 U.S.C. § 523(a)(3)(A) (emphasis added). For purposes of the immediate case, the dispositive words in this section are "to permit ... timely filing of a proof of claim." 11 U.S.C. § 523(a)(3)(A). Unless Ms. Southall's claim is "of a kind specified in paragraph (2), (4) or (6)" of § 523(a), which it is not,[13] the only issue is whether there was a need to give her notice, allowing her to timely file a proof of claim in the debtors' bankruptcy case. Because it ended as a chapter 7 no-asset case, filing a proof of claim in the debtors' bankruptcy would have been futile.[14] If, in the future,

---

**11.** Under the principle of federalism, specifically the *Rooker–Feldman* doctrine, "[f]ederal bankruptcy courts do not sit as appellate courts over state courts that have concurrent jurisdiction." *In re McGregor,* 233 B.R. at 408.

**12.** See *In re Herzig,* which recites the language of a bankruptcy court decision that incorrectly applied § 523(a)(3) to a chapter 7 no-asset debt. *Herzig v. Park Avenue Leasing Corp. (In re Herzig),* 238 B.R. 5 (E.D.N.Y. 1998).

**13.** The creditor has not specifically alleged that this debt was for money fraudulently obtained, so it does not fall under § 523(2) or (4). Subsection (6) of § 523 is also not applicable.

**14.** Many bankruptcy decisions have recognized that re-opening a closed no-asset chapter 7 case is a "futile act" because all pre-petition debts are discharged, regardless of whether they are listed in the petition, as long as they are not debts falling under § 523(2), (4) or (6). *See In re Herzig,* 238 B.R. 5; *In re Cates,* 183 B.R. 723 (Bankr.M.D.N.C.1995); *McMahon v. Harmon (In re Harmon),* 213 B.R. 805 (Bankr.D.Md.1997); *Stucker v. Cardinal Building Materials, Inc. (In re Stucker),* 153 B.R. 219 (Bankr.N.D.Ill.1993) ("[T]he filing of an amended schedule of creditors postdischarge in a no asset [c]hapter 7 case has no effect on the dischargeability of the underlying unscheduled claim."); *In re Gardner,* 194 B.R. 576 (Bankr.D.S.C.1996) ("[I]n no-asset [c]hapter 7 cases no bar date is set, with

assets are discovered, "a new notice will be sent advising of a claims bar date and directing that proofs of claim be filed prior thereto." *In re Stucker,* 153 B.R. 219. Until such time, though, filing a proof of claim is a needless act.

Application of § 523(a)(3) is contingent upon the presence of assets in a chapter 7 case, "because in no-asset [c]hapter 7 cases no bar date is set, with the result that § 523(a)(3)(A) is never triggered in such cases." *In re Cates,* 183 B.R. at 725. For a debt to be nondischargeable under this section, "the omitted creditor must have been deprived of the opportunity to timely file a proof of claim." *In re Harmon,* 213 B.R. at 807. In sum, "unless an unlisted creditor was precluded from filing a timely proof of claim, it is irrelevant whether the creditor had notice or knowledge of the bankruptcy proceeding." *In re Herzig,* 238 B.R. at 8. Ms. Southall was not deprived of such an opportunity. That § 523(a)(3) is inapplicable to Ms. Southall's claim suggests that under federal law her claim should have been discharged under § 727.

It is analytically and procedurally inconsistent to say that federalism, via the *Rooker–Feldman* doctrine, is only applicable so far as a state court correctly interprets federal law. This approach, de facto, voids the doctrine. On the other hand, the *Rooker–Feldman* doctrine is properly effectuated by depriving bankruptcy courts of subject matter jurisdiction to overturn state court decisions rendered upon concurrent jurisdiction, "even if that decision was erroneous as a matter of bankruptcy law." *Massa v. Addona (In re Massa),* 187 F.3d 292, 295 (2d Cir.1999).

The debtors pled their discharge as an affirmative defense in the state court suit. Therefore, this court hereby lacks subject matter jurisdiction to collaterally attack

the result that § 523(a)(3)(A) is never triggered in such cases."); *In re Musgraves,* 129 B.R. 119 (Bankr.W.D.Tex.1991); *but see In re Hicks,* 184 B.R. 954 (Bankr.C.D.Cal.1995) (holding that bankruptcy courts "should simplify-rather than complicate-the job of the

the state court's determination of nondischargeability. No violation of the discharge injunction has occurred and the debtors' current motion must be dismissed. Prospectively, the debtors' remedy is to seek reconsideration or appellate review in the state courts based on the aforementioned incorrect, yet binding application of § 523(a)(3)(A).

**So ordered.**

state courts and others ... attempting to evaluate the preclusive effect of a bankruptcy discharge by making it easy for debtors to correct errors and omissions in their schedules").