John LUCILLE, Plaintiff–Appellant,

v.

CITY OF CHICAGO, Defendant–Appellee.

No. 94–1106.

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 1994.

Decided Aug. 3, 1994.

Rehearing Denied Sept. 22, 1994.

Thomas M. Arnett (argued), Chicago, IL, for plaintiff-appellant.

Mary L. Smith, CC, Office of the Corp. Counsel, James D. Montgomery, Montgomery & Associates, Lawrence Rosenthal, DCC, Jean Dobrer, ACC (argued), Kelly R. Welsh, ACC, Nancy Van Allen, Benna R. Solomon, Susan S. Sher, Office of the Corp. Counsel, Appeals Div., Arthur N. Christie, Burke & Ryan, Chicago, IL, for defendant-appellee.

Before CUDAHY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

In 1985 John Lucille sought to have the City of Chicago held in contempt of court for violating the consent decree in *Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315 (N.D.Ill.1979), by considering his politics when deciding to discharge him from employment. In December 1989 the parties settled their differences. The

City agreed to reinstate Lucille and pay $25,-000 ($21,000 for Lucille and $4,000 for his lawyer). The district court entered a judgment, drafted by Lucille's lawyer, containing some but not all of the terms of the settlement agreement. Four years later Lucille filed a petition to "enforce" the settlement agreement—not the judgment, but the contract between the parties. Lucille contended that the City should have awarded him vacation, holiday, and sick pay that would have accrued by 1990 (when he was reinstated) had he been employed continuously, and that the City owed him $58,000 to top up his pension benefits ($48,000 to replace funds Lucille withdrew when he was fired, plus $10,000 to facilitate early retirement). The district court concluded that the settlement agreement does not support Lucille and denied the petition. 1993 U.S.Dist. LEXIS 18686 (N.D.Ill.).

Although *McCall–Bey v. Franzen*, 777 F.2d 1178 (7th Cir.1985), held that a district court may not enforce a settlement agreement unless there is an independent basis of federal jurisdiction, the district judge did not discuss this initial hurdle. Lucille and the City are not of diverse citizenship. *McCall–Bey* disposes of the contention that just because the initial suit sought to vindicate a federal right, the court possesses federal-question jurisdiction under 28 U.S.C. § 1331 to construe and enforce a contract ending the litigation. Cf. *Morgan v. South Bend Community School Corp.*, 797 F.2d 471 (7th Cir. 1986). Since the parties exchanged briefs on the appeal, the Supreme Court has agreed with *McCall–Bey* that federal courts lack "inherent" power to enforce settlements of federal litigation, explaining that "[e]nforcement of [a] settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis of jurisdiction." *Kokkonen v. Guardian Life Insurance Co.*, — U.S. —, — – —, 114 S.Ct. 1673, 1675–76, 128 L.Ed.2d 391 (1994).

The *Shakman* consent decree rests on 28 U.S.C. § 1343(a)(3), which grants jurisdiction to enforce the civil rights laws. *Kokkonen* held open the possibility that a party aggrieved by a breach of a settlement agreement could seek to annul the settlement and reactivate the original case, with its jurisdictional footing intact. — U.S. at —, 114 S.Ct. at 1675. Lucille does not want to start anew, however. Rescission would require him to tender at least the $25,000, which he has not offered to do. See *Fleming v. United States Postal Service*, 27 F.3d 259 (7th Cir.1994). He has no desire to surrender the benefits of the settlement and prove in 1994 that his discharge in 1984 rested on criteria forbidden by the first amendment; he wants to enforce the 1989 contract, not the *Shakman* decree.

■■■ What about ancillary jurisdiction? *Kokkonen* eliminates any contention that enforcing a settlement of federal litigation *automatically* comes within the ancillary jurisdiction. "No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court." — U.S. at —, 114 S.Ct. at 1676. The Justices observed, however, that a federal court has ancillary jurisdiction to protect and enforce its judgments. Thus if the judgment explicitly incorporates the settlement, or reserves authority to enforce the settlement, the court possesses ancillary jurisdiction. *Id.* — U.S. at —, 114 S.Ct. at 1677. We concluded in *McCall–Bey* that the court also possesses jurisdiction if the judgment implicitly incorporates the terms of a settlement that itself provides for continuing jurisdiction. 777 F.2d at 1188–89. But the district court's judgment in this case does not incorporate the settlement or reserve power to enforce the parties' agreement. Instead it sets out the principal terms, directing Chicago to pay $25,000 and reinstate Lucille. Having put some but not all of the terms in the judgment, the district court has identified which it will enforce and which it will not. Violation of terms that are *not* in the judgment cannot be thought to flout the court's order or imperil the court's authority, and claims of such violations therefore do not activate the ancillary jurisdiction of the court. And although the judgment recognizes the parties' settlement, this case differs from *McCall–Bey* because neither the judgment nor the settlement so recognized

reserves jurisdiction to enforce the terms of the settlement.

■ Lucille relies on a provision in the settlement agreement requiring reinstatement with "seniority ... retroactive to July 16, 1980," which he believes entails an entitlement to extra leave credits and contribution of pension funds sufficient to permit him to take early retirement as if he had been at work during the intervening years. Chicago relies on a clause extinguishing "all claims for salary, accumulation of vacation days, sick days and other benefits of employment" to which Lucille would have been entitled had he been continuously employed. Neither of these provisions made it into the judgment. Terms amounting to a release may be enforced in federal court as a defense, if the dispute is within federal jurisdiction, but a release does not create that jurisdiction. Doubtless the contract provides a context for interpretation of the judgment. Ambiguities in the court's order should be resolved consistently with the more detailed provisions of the parties' bargain. But Lucille does not contend that any term of the judgment is ambiguous—indeed, Lucille's brief does not mention the judgment.

■ The only potential ambiguity we could find lies in the judgment's closing words: "John Lucille shall be further afforded career service upon reinstatement to that position." Does "career service" entail retroactive leave and pension credits? At oral argument Lucille's lawyer said that it does not, and the settlement agreement confirms this understanding. Paragraph B of the settlement reads:

> On or before January 16, 1990, the City shall reinstate Plaintiff to the position of Foreman of Sewer Cleaning with the City of Chicago, Department of Sewers. Plaintiff shall be afforded seniority in that title retroactive to July 16, 1980, and shall further be afforded career service status upon said reinstatement to that position.

Thus the parties understood "seniority ... retroactive to July 16, 1980" and "career service status" as different things. Lucille relies on the former, but only the latter is to be found in the judgment. Although Lucille contends that vacation and pension credits

come with any "reinstatement," we join the district judge in rejecting that position. Most lawyers use "reinstatement" to refer to a renewal of employment. Additional benefits such as back pay and fringe benefits that would have accumulated during time missed (or that were lost on discharge) are negotiated and provided for separately.

The district court possessed ancillary jurisdiction to interpret and enforce its judgment; it lacked jurisdiction to interpret and enforce the contract. All we need consider, then, are the provisions of the judgment. For reasons we have covered, that judgment affords Lucille no comfort. The decision denying his petition for additional relief is therefore

AFFIRMED.

CUDAHY, Circuit Judge, concurring.

I agree with much of the analysis and with the result reached by the majority opinion, but write separately with respect to one interpretation that the majority does not pursue. The majority states that, "the district court's judgment in this case does not incorporate the settlement ..." But the Judgment Order by its own terms "is entered in accordance with the Settlement Agreement which has been signed by all parties ..." It is not much of a stretch to construe "entered in accordance with" as language of incorporation. In fact, in *McCall–Bey v. Franzen,* 777 F.2d 1178 (7th Cir.1985), an opinion the majority describes as portending (and approved by) the Supreme Court's recent opinion in *Kokkonen v. Guardian Life Ins. Co.,* —— U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), we held that a judgment entered "pursuant to" a settlement agreement incorporated that agreement. *Kokkonen* is silent as to what words a district court must use to incorporate a settlement agreement, and I see no reason to depart (as the majority appears to) from our approach in *McCall–Bey.*

In any event, one of Lucille's principal arguments involves interpretation of the word "reinstatement" from the settlement agreement. He says that this means he is entitled to leave and pension credits, essentially restoring his situation to what it would

have been had he not been discharged. But the judgment does say he is to be "reinstated." So it seems to me that the same argument as to the meaning of "reinstate" survives under any analysis.

Since I agree with the district court that "reinstate" was not intended to mean what Lucille claims it means, I agree that the City prevails and the district court should be affirmed.