69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John LUCILLE, Plaintiff-Appellant,
v.
CITY OF CHICAGO, et al., Defendants-Appellees.
 No. 95-2109.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 4, 1995.*
Decided Oct. 13, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 15, 1995.
 
 Before CUDAHY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Lucille filed this case in 1985 and settled it in 1989. In 1993 he asked the district court to "enforce" his understanding of the settlement--which we held the court lacked authority to do, because not all terms of the settlement appeared in the judgment. 31 F.3d 546 (1994). The court's power is limited to enforcing the terms of the judgment.
 
 
 2
 While the appeal was pending, Lucille asked the district court to revise the settlement agreement under Fed.R.Civ.P. 60(b)(6) to add terms to that agreement, increasing the benefits to which he is entitled. The district court declined, observing that the rationale for the belated action--that one of the City's attorneys defrauded him in discussing the effects of the settlement--is covered by Rule 60(b)(3), which has a one-year time limit. This limit cannot be evaded by resorting to Rule 60(b)(6). See Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 983 (7th Cir.1989). Moreover, for the reasons in our original opinion, the district court is not authorized to tinker with the settlement agreement itself; its power under Rule 60(b) is to modify the judgment, but Lucille did not argue that there was any flaw in that judgment. He also did not file an appeal. Instead, approximately 40 days later, he accused his own former attorney of fraud, this time suggesting that the fraud may have affected the terms of the judgment. Although styled as a motion for reconsideration, it was untimely under Fed.R.Civ.P. 59; thus it had to be a successive request for relief under Rule 60(b), which the district court denied.
 
 
 3
 Now Lucille has appealed and attempts to argue the merits of the first Rule 60(b) decision. But it is too late to challenge this; the only question properly before us is whether the district court abused its discretion in not granting relief, under Rule 60(b), from the original Rule 60(b) decision. It should go without saying that a succession of Rule 60(b) motions does not extend the time for appeal; and, as the district court pointed out, the original motion was several years too late. This extended case, growing out of events in 1984, was brought to a close by our decision last year, and the district court did not abuse its discretion in declining to reopen the dispute.
 
 
 4
 AFFIRMED.
 
 
 
 *
 An earlier appeal in this case was orally argued on July 7, 1994. The successive appeal has been assigned to the same panel, which is unanimously of the view that another oral argument is unnecessary