Robert J. DiMUCCI, individually and as trustee, Bob's Holding Company, a corporation, and RK Partners, a partnership, Plaintiffs–Appellants,

v.

Salvatore J. DiMUCCI, Jr., individually and as trustee, Anthony P. DiMucci, individually and as trustee, Sal's Holding Company, a corporation, et al., Defendants–Appellees.

No. 95–4000.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1996.

Decided June 20, 1996.*

---

* This opinion was originally released as an unpublished opinion. It is being published on a motion made under Circuit Rule 53(d)(3) by a judicial officer of this circuit.

George B. Collins, Adrian M. Vuckovich (argued), Collins & Bargione, Chicago, IL, for Robert J. DiMucci.

George B. Collins, Adrian M. Vuckovich, Collins & Bargione, Chicago, IL, for Bob's Holding Co., RK Partners.

Paul E. Slater (argued), Eugene J. Frett, Bruce Lithgow, Sperling, Slater & Spitz, Chicago, IL, for Salvatore J. DiMucci, Jr.

Paul E. Slater, Eugene J. Frett, Bruce Lithgow, Sperling, Slater & Spitz, Chicago, IL, for Anthony P. DiMucci, Sal's Holding Co., SK Partners, Tony's Holding Co., TK Partners.

Before CUMMINGS, RIPPLE and EVANS, Circuit Judges.

PER CURIAM.

Robert DiMucci filed a petition to enforce a portion of a settlement agreement to which he had agreed in 1992. Following a hearing, the district court [1] entered an order dismissing the petition with prejudice. Robert now appeals that judgment. For the reasons set forth in this order, we affirm the judgment of the district court.

1.

Three brothers, Robert, Salvatore and Anthony DiMucci, owned and managed various commercial properties and businesses. Robert filed a lawsuit against Salvatore and Anthony; he alleged that his brothers had defrauded him. To settle that dispute, the parties signed, on September 15, 1992, a complex agreement that effected the exchange of several properties. On October 23, 1992, the district court entered a consent judgment that incorporated each of the provisions of the settlement agreement and stated that: "[t]he Court shall retain jurisdiction over the parties and the subject matter of this action for the purpose of enforcing this Consent Judgment and for no other purpose." R.37 at 4.

On May 2, 1995, Robert filed a motion to enforce paragraph eight of the settlement agreement. That paragraph provides that:

[e]ach of the parties hereto agrees, following the execution hereof, to execute such further documents, from time to time, as may be reasonably necessary in order to effectuate the purposes hereof.

R.37, Ex. A at ¶ 8. Robert claimed that a parcel of property which he had received through the settlement agreement was left without proper egress and ingress. He

---

[1] The parties agreed to have their disputes under the settlement agreement ruled upon by a United States Magistrate Judge, sitting as the district court, 28 U.S.C. § 636(c)(1), and appeal directly from that judgment. 28 U.S.C. § 636(c)(3).

sought an easement over an adjacent parcel owned by his brothers and claimed that an easement was "reasonably necessary" to effectuate the purposes of the settlement agreement. The failure of Salvatore and Anthony to provide him with an easement over their property, Robert claimed, amounted to a violation of paragraph eight of the settlement agreement.

Following unsuccessful attempts to settle the issue, the district court conducted a hearing in which it considered an easement that had been proposed by Salvatore and Anthony. It held that the proposed easement was reasonable and, thus, that the two brothers had discharged their obligation under the agreement to propose an easement with reasonable terms. Because Robert did not wish to sign the easement, his petition was dismissed with prejudice.

### 2.

 In his appeal, Robert does not challenge the district court's exercise of ancillary jurisdiction over the settlement agreement. Indeed, such a claim could not possibly prevail. The Supreme Court, in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), held that ancillary jurisdiction over a settlement agreement is proper if the district court has made the terms of the settlement agreement part of the order of dismissal—"either by separate provision (such as a provision 'retaining

jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at ——, 114 S.Ct. at 1677. Once the terms of a settlement agreement are incorporated into the court's order, ancillary jurisdiction exists because "breach of the agreement violates the district court's judgment." *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir.1995). In this case, the consent judgment not only incorporated each of the provisions of the settlement agreement, but it also stated that the court "shall retain jurisdiction over the parties and the subject matter of this action for the purpose of enforcing this consent judgment and for no other purpose." R.37 at 4. Clearly, the court had ancillary jurisdiction to interpret and enforce paragraph eight of the settlement agreement.

 Rather, Robert claims that the district court exceeded its jurisdiction when it examined the terms of the proposed easement and declared them to be reasonable. In his view, the district court had jurisdiction only to decide whether an easement was "reasonably necessary," as contemplated by paragraph eight of the settlement agreement, and to order Salvatore and Anthony to execute the proposed easement Robert submitted with his petition. During the hearing, counsel for Robert repeatedly asserted that only his proposed easement was before the court, not that of Salvatore and Anthony.[2]

---

2. The transcript of the November 22, 1995 hearing reveals several instances of this assertion:

Counsel for Robert: I just would like to also object to the fact that all of these provisions that we're going over right now are ancillary provisions, matters for the parties to dispute elsewhere. We came into this court for one reason, and it's attached to our petition, and that was an agreement to have an easement agreement signed by the respondents/defendants. . . .

All of this other material, who is going to pay what, how is it going to be set up, is a state law issue, quite frankly, and that's our position. We don't think that any of these other issues should be ruled upon. Either our petition is sufficient or it's not. And these other issues are ancillary issues and they're not before the court in our petition, and that is the only pleading before the court.

R.93 at 27–28.

Court: What you're asking me to do is rule that the brothers merely ... grant an easement, and nothing more; just provide for an easement on the property. That's what you're saying, right?

Counsel for Robert: Quite frankly, yes. And if you disagree with that, then you should deny our petition. Because anything else is cutting it down the middle, and that's not our petition. *Id.* at 34.

Counsel for Robert: We asked for this one [our easement], and if we can't have this one, then I ask you to rule accordingly.

Court: Essentially, you're saying that what I should do is to order the respondents to sign on the document which you created with all its terms and conditions.

Counsel for Robert: Right.

Court: Is that correct?

Counsel for Robert: And if you disagree with that, then you should get rid of our petition. *Id.* at 36.

We hold that the district court proceeded properly and did not exceed the scope of its ancillary jurisdiction over the settlement agreement. That jurisdiction included the authority to "interpret and enforce its judgment." *Lucille v. City of Chicago,* 31 F.3d 546, 548 (7th Cir.1994). Settlement agreements are interpreted as any other contract, using the familiar aids of contract interpretation. *Scottish Air Int'l v. British Caledonian Group,* 81 F.3d 1224, 1230 (2d Cir.1996) (interpreting terms of settlement agreement); *see also Baer v. First Options Chicago,* 72 F.3d 1294 (7th Cir.1995) (holding fee-sharing agreement within ancillary jurisdiction of court and interpreting its terms). At the hearing, the district court began by examining the language of the settlement agreement and paragraph eight in particular. It held that the execution of an easement was "reasonably necessary" to effectuate the purposes of the settlement agreement and that therefore Salvatore and Anthony, as grantors of the easement, were required to offer an easement with "reasonable terms," R.93 at 58, in order to fulfill their duty under the agreement. The inquiry at the hearing, therefore, necessarily focused on whether the easement proposed by Salvatore and Anthony was a reasonable one. Our examination of the record reveals that the district court conducted a full and fair hearing on this issue. During the course of the hearing, counsel for Robert made several objections to the reasonableness of certain terms of the easement under consideration, and each objection was considered and rejected by the court.[3] On the basis of this examination, the court concluded that Salvatore and Anthony's easement was reasonable and that they therefore had discharged their duties under paragraph eight.

Clearly, the district court had ancillary jurisdiction to "interpret and enforce" its earlier consent judgment. This jurisdiction obligated the court to examine the terms of the settlement agreement and make the determinations that an easement was "reasonably necessary" and that the one submitted by the grantors was a reasonable one. This course of action was not improper, and the court did not exceed its jurisdiction. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

3. Counsel for Robert did not present any evidence at the hearing as to the reasonableness or unreasonableness of the terms of the proposed easement. Notably, he stated that, in his opinion, the matter was "really a legal issue." R.93 at 2.