934 F.Supp. 322 (1996)
HARBOR VENTURE, INC., Horseshoe Casinos L.L.C., and Missouri River Equities, Inc., Plaintiffs,
v.
John NICHOLS and Missouri Coalition for the Environment, Defendants.
No. 4:96CV1261-SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 9, 1996.
Martin M. Green, Joe D. Jacobson, Mitchell A. Margo, Green and Schaaf, St. Louis, MO, for plaintiffs Harbor Venture, Inc., Horseshoe Casinos (Missouri), L.L.C., Missouri River Equities, Inc.
Lewis C. Green, Sr., Bruce A. Morrison, Kathleen G. Henry, Green and Hennings, St. Louis, MO, for defendants John Nichols, Missouri Coalition for the Environment.

ORDER
LIMBAUGH, District Judge.
This case was initially filed in the Circuit Court of St. Louis County and on June 20, 1996 was removed to this Court. Plaintiffs have moved to remand, and defendants have responded to the motion.
There is also pending plaintiffs' motion to dismiss defendants' counterclaim for the reason that the Court lacks subject matter jurisdiction, presumably because of plaintiffs' request to remand. In addition, plaintiffs have requested a preliminary injunction and partial *323 summary judgment. These motion-requests are pending as they were not ruled on in the Missouri court before the notice of removal was filed. Although those requests are pending, they will not be addressed in this memorandum and the Court will now only consider the motion to remand.
On June 2, 1976, the Hon. James H. Meredith entered a consent decree, unpublished, in the case of Coalition for the Environment, St. Louis Region, et al. v. Volpe, et al., No. 72 C 32(1), 1976 WL 3883 (E.D.Mo.1976) which decree was unpublished. The decree was entered in this Court. The decree set out, with substantial particularity, the terms of the settlement involving seven counts. Some counts were dismissed without prejudice and others set out the terms of the settlement which was incorporated in the decree as to each of the counts involved.
Much of the settlement incorporated in the decree involves the use of a tract of land extending from the levy to the Missouri River between Interstate 70 and St. Charles Rock Road in St. Louis County, Missouri. Parties in the suit now pending before the Court were all parties in the Volpe case or their predecessors in interest were parties. In the Volpe case, John A. Volpe was a party as Secretary of Transportation. Other governmental persons and entities were also parties, such as the Federal Highway Administrator, the Department of Transportation of the United States, The Corps of Engineers of the United States Army, The Secretary of the Army, The Chief of Engineers of the Corps of Engineers of the United States Army, The United States Environmental Protection Agency and the Administrator of that agency, and the Regional Administrator of the agency, together with various State of Missouri entities and Highway Commission members.
There are three counts in the instant case: Count One seeks a declaratory judgment that the Volpe consent decree permits a proposed development by plaintiffs in the land area involved and that defendants may not lawfully initiate any legal action involving the development area including motions to enforce the consent decree.
In Count Two, plaintiffs request injunctive relief preventing defendants from impeding plaintiffs' efforts to develop their project which is a gambling casino in the land area.
In Count Three, plaintiffs allege a violation by defendants of the Volpe consent decree when they filed a request to enforce the consent decree.
In all three counts, the basic request is for an interpretation and enforcement of the Volpe decree.
Plaintiffs' position is that this Court has no federal jurisdiction under 28 U.S.C. § 1441, the Removal Statute or 28 U.S.C. § 1651, the All-Writs Act. Defendants assert the contrary position.
After a review of the particulars of the Volpe decree, and the allegations in the petition in this case the Court believes that the motion to remand should be denied as this Court has the inherent power that is, automatic ancillary jurisdiction to enforce an agreement when the terms of the settlement have been included in the decree.
The general rule was set out in 1994 by the United States Supreme Court determining that District Courts do not have inherent power, that is automatic ancillary jurisdiction to enforce an agreement settling federal litigation unless the parties' obligation to comply with the terms of the settlement agreement is made part of the order either by provisions retaining jurisdiction over the settlement agreement, or by incorporation of the terms of the settlement agreement in the order. Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, ___, 114 S.Ct. 1673, 1676-77, 128 L.Ed.2d 391 (1994); Miener v. Missouri Dept. of Mental Health, 62 F.3d 1126 (8th Cir.1995); Lucille v. City of Chicago, 31 F.3d 546, 548 (7th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995); Dimucci v. Dimucci, 91 F.3d 845 (7th Cir.1996) (Illinois); Scelsa v. City University of New York, 76 F.3d 37 (2d Cir.1996). The jurisdiction includes the authority to "interpret and enforce its judgment." Lucille v. City of Chicago, supra at 548 and Dimucci v. Dimucci, supra.
Although the decree in the Volpe case did not contain a provision retaining jurisdiction *324 over the settlement agreement, it did incorporate the terms of the settlement agreement. Accordingly, this Court has ancillary jurisdiction to interpret and enforce the Volpe decree as requested in plaintiffs' petition here.
Agencies of the United States and officers of such agencies were defendants in the Volpe case. Although not parties in the instant suit, their interest will be involved in the interpretation and enforcement of the Volpe decree as requested in this case. Inferentially, that fact alone should require this Court to maintain jurisdiction. 28 U.S.C. § 1442.
The Court is more persuaded by defendants' memorandum in opposition to motion to remand and believes that the case is properly removable under the Removal Statute or the All-Writs Act on the basis of the material set out in defendants' memorandum. In any event, having determined that ancillary jurisdiction is vested in this Court pursuant to the cases cited herein this Court has jurisdiction even though one or more claims in plaintiffs' petition may be determined to be non-removable. 28 U.S.C. § 1441(c).
IT IS THEREFORE ORDERED that plaintiffs' motion to remand is DENIED.
IT IS FURTHER ORDERED that plaintiffs' motion to dismiss defendants' counterclaim is DENIED.
IT IS FINALLY ORDERED that the parties shall confer for the purpose of determining how to address plaintiffs' request for a preliminary injunction and motion for partial summary judgment. If necessary, the Court will entertain an informal conference with counsel about setting these matters for a hearing, or proceeding to resolve the merits of the case in whatever fashion may be appropriate.