**ICE BOWL, L.L.C., Plaintiff,**

v.

**WEIGEL BROADCASTING CO., Defendant.**

No. Civ.A. 98–C–0348.

United States District Court, E.D. Wisconsin.

Feb. 23, 2000.

Grant C. Killoran, Michael Best & Friedrich, Milwaukee, WI, James G. Schweitzer, Schweitzer & Cincotta, Milwaukee WI, for plaintiff.

Scott W. Hansen & Dean E. Mabie, Reinhart, Boerner, Van Deuren, Norris & Rieselba, Milwaukee, WI, for defendant.

## ORDER DATED Feb. 23, 2000 DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT OR, ALTERNATIVELY, TO REOPEN THE UNDERLYING CASE AGAINST THE DEFENDANT

REYNOLDS, District Judge.

This action, initially filed in Waukesha County Circuit Court for the State of Wisconsin, involves a commercial dispute between the plaintiff, Ice Bowl L.L.C. ("Ice Bowl"), a Wisconsin company in the business of sports marketing, and Weigel Broadcasting Co. ("Weigel"), an Illinois corporation which owns WDJT–TV, a CBS affiliate in Milwaukee, Wisconsin. On March 31, 1999, the court signed an order ("Order") dismissing the action with prejudice based upon a stipulation by the parties. Before the court is Ice Bowl's motion to enforce settlement agreement or, alternatively, to reopen the underlying case against Weigel. The court will deny both motions.

■ The court lacks the jurisdiction to enforce the parties' settlement agreement. First, Ice Bowl cannot rely upon the dismissed action to provide the court with jurisdiction over the dispute concerning the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In this case, Ice Bowl has failed to show that the court has grounds for jurisdiction independent of the dismissed action.

■ Second, Ice Bowl cannot cite the court's ability to enforce its judgments as a basis for jurisdiction. The Order did not explicitly incorporate the terms of the settlement agreement; hence, the settlement agreement is not part of the court's judgment. "Violation of terms that are *not* in the judgment cannot be thought to flout the court's order or imperil the court's authority, and claims of such violations therefore do not activate the ancillary jurisdiction of the court." *Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir.1994).

In this case, the Order states that the action is dismissed "pursuant to the parties' Confidential Settlement Agreement on its merits with prejudice and without costs to any party." The Seventh Circuit, however, has made it clear that referencing a settlement agreement in an order is insufficient to be an incorporation into a judgment. In *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951 (7th Cir.1997), the Seventh Circuit found that the district court did not incorporate the terms of the settlement agreement into its order of dismissal despite the court's announcement that "[t]he agreed motion to voluntarily dismiss the case based upon a settlement is granted." *Id.* at 953. Finally, the Order does not provide for the court's reservation of jurisdiction to enforce the terms of the settlement. Without jurisdiction, the court cannot enforce the settlement agreement.

■ Ice Bowl also moves to reopen the underlying action against Weigel. The Order clearly states that the action is dismissed with prejudice. Hence, the principal of res judicata strips Ice Bowl of the ability to recommence the action.

Plaintiff Ice Bowl, L.L.C.'s motion to enforce settlement agreement is **DENIED**.

Plaintiff Ice Bowl, L.L.C.'s motion to reopen the underlying case against Weigel Broadcasting Co. is **DENIED.**