[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13809
Non-Argument Calendar

_____

D. C. Docket No. 06-80452-CV-DTKH

MERRY MORRIS,

Plaintiff-Appellant,

versus

ART WROBLE, solely in his
capacity as a Judge of the Circuit Court of the 15th
Judicial Circuit in and for Palm Beach County, Florida,
MATTHEW STEVENSON, solely in his capacity as Chief Judge
of the Florida Fourth District Court of Appeal,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2006)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

In this divorce-related case, Merry Morris appeals the district court's order dismissing her complaint for lack of jurisdiction. The district court concluded that the Rooker-Feldman doctrine barred her complaint seeking declaratory relief under 42 U.S.C. § 1983. After review, we affirm.

## I. BACKGROUND

Merry Morris ("Mrs. Morris") signed a post-nuptial agreement ("the agreement") with her husband, Leland Morris ("Mr. Morris"). The agreement contained a no-challenge clause providing that if Mrs. Morris challenged in court any provision of the agreement, she would forfeit the $1.5 million paid in consideration by her husband. Mr. and Mrs. Morris then divorced in August 2001.

In June 2003, Mrs. Morris moved to enforce and modify the agreement in a Florida state court, claiming that Mr. Morris had violated the agreement and that the agreement did not address child custody arrangements for birthdays, school holidays, and Jewish holidays. Mr. Morris counterclaimed, seeking Mrs. Morris's forfeiture of the $1.5 million. After a three-day trial, the state court denied Mrs. Morris's motion to enforce and supplement the agreement, and awarded Mr. Morris the $1.5 million plus interest and attorney's fees. Mrs. Morris appealed the judgment to a Florida intermediary appellate court, the Fourth District Court of Appeal. On March 21, 2005, the state appellate court dismissed her appeal based

2

on her continuing failure to satisfy the money judgment and the related contempt orders arising out of it. In July 2005, Mrs. Morris petitioned the Florida Supreme Court for a writ of mandamus to reinstate her appeal. The Florida Supreme Court denied her petition on April 13, 2006.[1]

On May 5, 2006, Mrs. Morris filed the complaint here in federal district court against two Florida judges in their official capacities, pursuant to 42 U.S.C. § 1983. Mrs. Morris sought declaratory judgment that: (1) a Florida state-court trial judge may not enforce a post-nuptial agreement that by its terms prohibits upon pain of forfeiture any access to court for child custody and visitation issues as violating federal and Florida constitutional rights; and (2) the Florida Fourth District Court of Appeal may not refuse to hear an appeal challenging, on public policy grounds, the federal and Florida constitutional rights of a parent. The district court granted the defendant judges' motion to dismiss under the Rooker-Feldman doctrine.

Mrs. Morris timely appeals.[2]

---

[1]On April 22, 2006, Mrs. Morris filed a petition for rehearing, which the Florida Supreme Court denied on June 15, 2006–after she filed suit in federal district court.

[2]We review questions of subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). On appeal, Mrs. Morris also contends that the domestic relations exception to federal diversity jurisdiction does not apply. Because we decide that the district court lacked subject matter jurisdiction under the Rooker-Feldman doctrine, we do not reach this issue.

## II. DISCUSSION

The Rooker-Feldman doctrine limits the subject matter jurisdiction of the federal district courts. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983); Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996). A federal district court does not have jurisdiction to review state-court decisions where: (1) the party in federal court is the same as the party in state court; (2) the prior state-court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state-court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003). "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) (Marshall, J., concurring)).

In the present case, the plaintiff, Mrs. Morris, was a party in state court. Mrs. Morris obtained a final judgment from the highest state court in which review could be sought, because the state appellate court dismissed her appeal based on

her contempt conduct and the Florida Supreme Court denied her mandamus petition that sought to compel the appellate court to hear her appeal.[3]

Mrs. Morris also had a reasonable opportunity to raise her federal constitutional claims in the state-court proceedings. For example, Mrs. Morris could have attacked, in the state trial court, the constitutionality of the no-challenge clause in response to her ex-husband's counterclaim for the $1.5 million. Likewise, in the state appellate court, Mrs. Morris could have raised her constitutional concerns about the $1.5 million judgment when she opposed Mr. Morris's motion to dismiss which was based on her failure to pay the $1.5 million.

Finally, the issue before the federal district court was "inextricably intertwined" with the state-court decision, because Mrs. Morris's claims succeed only to the extent that this Court determines that the state courts wrongly decided the issues. Mrs. Morris frames her request for declaratory judgment in general terms, but she is seeking relief specific to her situation. To grant Mrs. Morris the declaratory relief she seeks would mean that (1) the state trial court wrongly rendered the monetary judgment for Mr. Morris pursuant to the no-challenge

_____

[3]We reject Mrs. Morris's claim that the Florida state-court judgment was not final because she had a petition for rehearing pending before the Florida Supreme Court. Mrs. Morris's petition for rehearing addressed the Florida Supreme Court's denial of a petition for a writ of mandamus, not the state trial court's judgment against her or the state appellate court's dismissal of her appeal.

clause and (2) the state appellate court incorrectly dismissed Mrs. Morris's appeal of that judgment.

Mrs. Morris also contends that the Supreme Court's holding in <u>Lance v. Dennis</u>, __ U.S. __, 126 S. Ct. 1198 (2006), interred the <u>Rooker-Feldman</u> doctrine and that the <u>Rooker-Feldman</u> doctrine no longer survives. We disagree. In <u>Lance</u>, the Supreme Court addressed the widespread conflation of the <u>Rooker-Feldman</u> doctrine with claim preclusion and held that the <u>Rooker-Feldman</u> doctrine "does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." __ U.S. at __, 126 S. Ct. at 1202. <u>Lance</u> did not inter the <u>Rooker-Feldman</u> doctrine.[4]

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal for lack of

---

[4]Further, in <u>Lance</u>, the Supreme Court stated that the <u>Rooker-Feldman</u> doctrine is limited to those circumstances, articulated in <u>Exxon Mobil</u>, where a party "seeks to take an appeal of an unfavorable state-court decision to a lower federal court." __ U.S. at __, 126 S. Ct. at 1202 (citing <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 125 S. Ct. 1517 (2005)). In <u>Exxon-Mobil</u>, the Supreme Court stated that a federal plaintiff presenting an independent claim is not barred "simply because [he] attempts to litigate in federal court a matter previously litigated in state court." 544 U.S. at 293, 125 S. Ct. at 1527. We do not decide whether <u>Lance</u> or <u>Exxon Mobil</u> require us to modify in any way our above four-part <u>Amos</u> test, because Mrs. Morris's claims fail under either test. Mrs. Morris appears before us in the exact circumstances that <u>Exxon-Mobil</u> described the <u>Rooker-Feldman</u> doctrine applying: as a state-court loser filing suit in federal court after the state proceedings ended, complaining of an injury caused by that state-court judgment, and inviting a federal district court to review and reject it. <u>See</u> 544 U.S. at 291-92, 125 S. Ct. at 1526.

subject matter jurisdiction.

**AFFIRMED**.